

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by V-20
Where conflicts

Honorable Coke Stevenson
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4420

Re: (1) Authority of an in-
corporated city in Texas
to authorize, by ordinance,
the arming with firearms of
special police officers
serving without pay;
(2) Limitations upon the
authority of sheriffs, chiefs
of police and mayors to
appoint special officers.

You have requested the opinion of this department
upon the above questions. These questions, and the facts
from which they arise, are stated in your letter as follows:

"The organization plan suggested by the
United States Office of Civilian Defense for
local organizations in cities and towns calls
for the appointment of auxiliary policement
to support the regular police force in case of
enemy action or the threat thereof.

"Many cities of Texas have appointed such
auxiliary policemen. In all cases known to me
these auxiliary policemen serve without compen-
sation.

"I have been asked whether a city can, by
ordinance, commission these non-salaried police-
men as special officers and authorize them to be
armed with guns and pistols during the period of
their training, as well as during an actual
emergency.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Coke Stevenson, page 2

"In the development of our defense organization in the State the question has also arisen as to the specific definition of limitations on the authority to be exercised by sheriffs, chiefs of police and mayors with respect to the appointment of special officers.

" I shall appreciate an opinion from you, therefore, on these two points, to-wit:

"1. Does an incorporated city in Texas have the authority to authorize, by ordinance, the arming of special officers with guns or pistols?

"2. What limitations are there upon the authority which may be exercised by sheriffs, chiefs of police and mayors with respect to the appointment of special officers?"

The pertinent parts of article 483, Penal Code of Texas, are:

"Whoever shall carry on or about his person. . . . any pistol. . .shall be punished by fine not less than one hundred dollars nor more than five hundred dollars or by confinement in jail for not less than one month nor more than one year."

Article 484, Penal Code of Texas makes certain exceptions to article 483, supra, and the pertinent parts are:

"The preceding article shall not apply to a person in actual service as a militiaman, nor to any peace officer in the actual discharge of his official duties, nor to the carrying of arms on one's own premises or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment . . . ."(underscoring ours)

We believe it to have been the Legislative intention to prohibit deputy constables and special policemen from carrying arms unless they were receiving forty dollars per month or more.

Under the facts before us, it is our opinion that an incorporated city has no power by ordinance to authorize the appointment of special officers and permit them to be armed even for the laudable purpose contemplated. Such would be in violation of article 483, supra.

In our Opinion No. 0-12, we held that, under the provisions of Article 5902, Vernon's Revised Civil Statutes, the sheriff of Galveston County might appoint as many deputies as he might be authorized to appoint by the commissioners' court of said county, acting within its discretion as to the necessity therefor. And in our opinion No. 0-1896, we held that, with the approval of the commissioners' court, additional sheriffs deputies might be appointed to serve without pay. We enclose herewith copies of said opinions.

In the event a commissioners' court authorizes the sheriff to appoint additional deputies to serve without pay, the order authorizing such appointments should state that the deputies to be appointed are to be allowed no salary, else they might be able to recover for their services on a quantum meruit basis. Harris County v. Neville (Civ. App.) 84 S. W. (2nd) 834.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
         Lloyd Armstrong
         Assistant

APPROVED APR 27, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

LA:ncd

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE